UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIGUO WANG,

Petitioner,

v.

WARDEN OF NORTHWEST DETENTION CENTER, et al,

Respondents.

Case No. 2:26-cv-03966-TLF

ORDER GRANTING HABEAS PETITION

Petitioner Jiguo Wang, proceeding pro se, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 3 (Petition). He is detained by the U.S. Immigration and Customs Enforcement (“ICE”) at the Northwest ICE Processing Center (“NWIPC”) in Tacoma, Washington. Dkt 8 (Deportation Officer (“DO”) Declaration). He primarily asserts a claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and requests immediate release under the same Order of Release on Recognizance (“OREC”) in place at the time of his re-detention. Dkt. 1.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 5. For the reasons below, the Court **GRANTS** the petition and **ORDERS** respondents to release petitioner **within 24 hours** of the filing of this Order.

## I. BACKGROUND

Petitioner is from China. Dkt. 3 at 5; Dkt. 8 at 1. Petitioner states he fled from China due to government persecution. Dkt. 3 at 5. On or about December 25, 2023,

petitioner entered the United States and was apprehended. Dkt. 3 at 5; Dkt. 8 at 1-2. Soon after, the government released petitioner under an OREC. Dkt. 3 at 5; Dkt. 8 at 2; Dkt. 3-1 at 4 (OREC); Dkt. 9-2 (OREC). The government also issued a Notice to Appear, which described him as a noncitizen "present in the United States who has not been admitted or paroled." Dkt. 3-1 at 8; Dkt. 9-1 (Notice to Appear). Petitioner states he applied for asylum, and received employment authorization. *See, e.g.,* Dkt 3 at 5-7 (asylum); Dkt. 3-1 at 24 (employment authorization).

On September 30, 2026, respondents re-detained petitioner. Dkt. 3 at 7-8; Dkt. 8 at 2. Respondents' Form I-213 states that in "July 2026, Homeland Security Investigations (HSI) Spokane initiated an investigation into an HSI tip-line report alleging that a commercial marijuana cultivation facility . . . was employing numerous foreign nationals who were illegally present in the United States." Dkt. 9-3 at 3-4 (Form I-213, asserting also the "marijuana grow[th] operation" is "under federal investigation for illegal activity."). Petitioner "was identified as an employee," and respondents re-detained him after a "vehicle stop . . ." Dkt. 9-3 at 3. The I-213 states petitioner has "no prior criminal history." Dkt. 9-3 at 3. Petitioner was later transferred to NWIPC. Dkt. 8 at 2.

According to respondent's DO declaration, petitioner "is awaiting [] his hearing at the Tacoma Immigration Court." Dkt. 8 at 2. It is undisputed petitioner, upon his re-detention, did not receive a hearing before an Immigration Judge ("IJ") to determine whether petitioner presents a flight risk or danger to the community. Dkts. 3, 7, 8.

## II. DISCUSSION

Petitioner requests release, primarily asserting a claim under *Mathews*. *E.g.*, Dkt. 3 at 13-15. However, respondents argue petitioner is mandatorily detained under 8 U.S.C. § 1225(b). *E.g.*, Dkt. 7 at 2-5. The Court finds petitioner is not mandatorily detained under Section 1225(b) and that petitioner is entitled to release under *Mathews*.

### A. Detention Authority

Respondents argue petitioner is mandatorily detained under 8 U.S.C. § 1225(b) and therefore he is not entitled to release or a re-detention hearing. *E.g.*, Dkt. 7 at 2-5.

Respondents arguments are meritless, given the circumstances of petitioner's release. It is undisputed the petitioner was released under an OREC, which is authorized under 8 U.S.C. § 1226(a)(2)(B). Petitioner's OREC states his release was "[i]n accordance with section 236 of the Immigration and Nationality Act," or in other words, 8 U.S.C. § 1226. Dkt. 3-1 at 4; Dkt. 9-2. And petitioner's Notice to Appear expressly declined to designate petitioner as an "arriving alien," instead stating he is "an alien present in the United States who has not been admitted or paroled." Dkt. 3-1 at 8; Dkt. 9-1. This designation further indicates petitioner is not mandatorily detained under 8 U.S.C. § 1225(b). *See Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation.") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218-19 (D. Mass. 2025)).

Second, respondents' reliance on the July 2025 ICE Memorandum is inapposite. *E.g.*, Dkt. 7 at 3-4. This Court has already rejected reliance on this memo as it fails to

satisfy the requirements of due process and the Immigration and Nationality Act. *See, e.g., Le v. Bondi*, 824 F. Supp. 3d 1112, 1123 (W.D. Wash. 2026).

Third, to the extent respondents rely on authorities outside the Ninth Circuit, such as *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) or *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), these authorities are not binding on this Court.

Thus, the Court finds petitioner is not mandatorily detained under 8 U.S.C. § 1225(b).

**B. *Mathews* Claim**

For petitioner's *Mathews* claim, the Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), to assess these factors:

> [1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

The first *Mathews* factor weighs in petitioner's favor. Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."); *see also Solomun-Gebremadhen v. Vasquez*, 824 F.Supp.3d 1086 (E.D. Cal. 2026) (citations omitted)

(“Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates ‘an implicit promise’ that she will be re-detained only if she violates the conditions of her release.”). Here, it is undisputed petitioner was released after his initial detention and remained in the community for years prior to his re-detention.

The second *Mathews* factor also weighs in petitioner’s favor. Respondents’ Form I-213 states petitioner was “currently working at a marijuana grow[th] operation that is under federal investigation for illegal activity.” Dkt. 9-3 at 4; *see also* Dkt. 7 at 1 (respondents’ brief stating petitioner “violated conditions of his release by participating in a potentially illegal marijuana harvesting operation.”). Setting aside the vagueness of the allegations, even when petitioner's re-detention is motivated by potential violations of release conditions “it would not necessarily follow that Petitioner can be detained for those violations without a hearing.” *E.A. T.-B.*, 795 F. Supp. 3d at 1322; see also *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-KKE-TLF, 2025 WL 3288295, at *5 (W.D. Wash. Nov. 25, 2025) (“factual disputes as to Petitioner’s alleged parole violations should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court.”).

The final *Mathews* factors weighs in petitioner’s favor. While the government certainly has an interest in enforcing immigration laws, its interest in doing so without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) (“‘If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.’”).

The Court thus finds petitioner has a protected liberty interest in his continuing release from custody and all the *Mathews* factors weigh in his favor.

The Court also finds a post-deprivation bond hearing is an inadequate procedural safeguard as it would occur only after detention and thus fails to address an erroneous deprivation of liberty at a meaningful time. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025)) ("'Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.'"); *see also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ.").

The Court accordingly finds petitioner should be immediately released. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324.

## III. CONCLUSION

The Court **GRANTS** the petition and **ORDERS:**

**(1)** Respondents shall immediately release petitioner **within 24 hours** of the filing of this Order.

**(2)** Respondents shall release petitioner under the same OREC conditions in place at the time of petitioner's re-detention. Petitioner's release conditions shall not include GPS, ankle, or other similar electronic monitoring.

**(3)** Upon release, respondents shall return to petitioner all personal property including his identity documents (other than a passport), employment authorization documents, bank cards, his mobile phone, keys, and all other documents and belongings.

**(4)** Respondents shall file a certification with this Court confirming the date and time petitioner was released **within two business days** of the filing of this Order.

Dated this 13th day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge